**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Maura Milligan aka Maura Lynn Milligan<br>Timothy J. Milligan<br><div align="center">Debtors</div> | CHAPTER 13 |
| Specialized Loan Servicing LLC as servicer for SG Mortgage Securities Trust 2006-FRE2, Asset Backed Certificates, Series 2006-FRE2, U.S. Bank National Association, as Trustee<br><div align="center">Movant</div><div align="center">vs.</div> | NO. 17-12070 AMC<br><br>11 U.S.C. Section 362 |
| Maura Milligan aka Maura Lynn Milligan<br>Timothy J. Milligan<br><div align="center">Debtors</div><br>Scott F. Waterman, Esquire<br><div align="center">Trustee</div> | |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$657.08,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | July 2021 at $1,681.19 |
| Suspense Balance: | ($1,024.11) |
| **Total Post-Petition Arrears** | **$657.08** |

2. The Debtor shall cure said arrearages in the following manner:

    a) On or before July 31, 2021, Debtor(s) shall tender the remainder of July 2021's payment of **$657.08.**

    b) Beginning on August 1, 2021, maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The undersigned seeks court approval of this stipulation.

10. The parties agree that a facsimile signature shall be considered an original signature.

Date: _____        By: */s/ Rebecca A. Solarz, Esquire*
                                      Attorney for Movant

Date: July 23, 2021              /"s"/Mitchell J. Prince. Esquire
                                 John L. McClain, Esquire   /Mitchell J. Prince, Esquire
                                 Attorney for Debtors

Date: *July 26, 2021*            */s/ Scott F. Waterman, Esquire*
                                                                 Scott F. Waterman, Esquire
                                                                 Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2021. However, the court retains discretion regarding entry of any further order.

**Date: July 27, 2021**

                                                             Bankruptcy Judge
                                                             Ashely M. Chan